IN THE MATTER OF CHARLES F. HARRIS.
(SUPREME COURT DISCIPLINARY No. 520)
(361 SE2d 382)

PER CURIAM.

Respondent Charles F. Harris was found in violation of Standards 4, 22, 23, 31, 44, and 61 of State Bar Rules 4-102 in that he misrepresented to his client in Georgia that he had forwarded the client's personal-injury suit file to his associated counsel in Pennsylvania, which inaction and withdrawal from representation resulted in the client's claim being barred by the statute of limitations; he utilized a one-third contingent-fee arrangement, although the PIP benefits were assured and not contingent; he failed to refund any of the purported fee when he in effect withdrew; and he failed to promptly deliver to his client the PIP benefits recovered, which represented the client's funds but which the respondent retained as earned fees. He also was found to have violated Standard 68 of State Bar Rule 4-102 in that he failed to respond to the State Disciplinary Board's investigation of charges of his violation of Standards 23 and 31.

The respondent petitioned for voluntary discipline in the form of a letter of informal admonition. The special master recommended a private reprimand. The Review Panel of the State Disciplinary Board recommended that Charles F. Harris be suspended for a period of six months from the practice of law. This Court hereby adopts the recommendation of the State Disciplinary Board.

It is hereby ordered that Charles F. Harris be suspended from the practice of law in the State of Georgia for a period of six months, said suspension to date from December 1, 1987.

All the Justices concur.

DECIDED OCTOBER 29, 1987.

William P. Smith III, General Counsel State Bar, Glenn M. Miller, Assistant General Counsel State Bar, for State Bar of Georgia.